# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| HARSHKUMAR CHAUDHARI, | No. 25-CV-3041-CJW-MAR |
| Plaintiff, | |
| vs. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

_____

Harshkumar Chaudhari's ("Plaintiff") complaint seeking an order compelling the United States Citizenship and Immigration Services ("USCIS") to issue employment authorization documents ("EAD") is before the Court. (Doc. 1). Both parties filed briefs on the merits. (Docs. 10 & 11). For the following reasons, the Court **dismisses with prejudice** plaintiff's complaint for lack of jurisdiction.

## I.    BACKGROUND

The Court previously summarized the pertinent facts in its order on USCIS' motion to dismiss. (Doc. 8, at 1–3). The Court will only repeat the key facts here: Plaintiff is a citizen of India, who has lived in the United States for approximately ten years and is currently residing in Estherville, Iowa. (Doc. 1, at 2–3). On November 8, 2023, plaintiff was the victim of an armed robbery, and, afterwards, he fully cooperated with law enforcement officers in the investigation of that crime. (*Id.*, at 3). Based on his cooperation, on February 6, 2024, plaintiff filed a Form I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization with USCIS. (*Id.*). Plaintiff also filed a Form I-918 Supplement A along with a Form I-765 for his spouse Hinaben Chaudhari. (*Id.*, at 3–4).

On June 27, 2025, plaintiff filed the instant complaint.  (Doc. 1).  In his complaint, plaintiff stated: "To date, USCIS has taken no action on any of plaintiff's applications" that were submitted on February 6, 2024.  (*Id.*, at 4).  Plaintiff wrote that he sought "an order to compel USCIS to make a *bona fide* determination [("BFD")] and *only* a *bona fide* determination."  (*Id.*, at 1 (emphasis in original)).  He also stated, however, that "USCIS issued a BFD" to him.  (*Id.*, at 4).  On September 10, 2025, USCIS moved to dismiss the complaint for lack of jurisdiction.  (Doc. 6-1 at, 3) (citing Local Rule 7 and Fed. R. Civ. P. 12(b)(1)).  On December 10, 2025, the Court denied the motion.  (Doc. 8).  In doing so, the Court found that "[p]laintiff is not asking the Court to compel USCIS to determine whether a BFD EAD should be issued" and thus did "not address the BFD EAD argument."  (Doc. 8, at 12).

On February 17, and March 3, 2026, the parties filed briefs on the merits.  (Docs. 10 & 11).  In his brief on the merits and the attached affidavit, plaintiff clarified that in December 2024, USCIS issued a BFD for his principal U visa petition.  (Doc. 10, at 6, 10, 17).  Plaintiff, however, now claims that "USCIS has not issued an Employment Authorization Document ("EAD")" to him or to his derivative beneficiary, his spouse.  (*Id.*).  He also wrote, "As the record now makes clear, the gravamen of this action is USCIS's prolonged and unjustified failure to adjudicate and issue EADs after conceding [p]laintiff's eligibility through the BFD determination[.]"  (Doc. 10, at 2).  Thus, the Court now addresses the merits of that claim.

## II.    *GHOSTWRITING OR UNAUTHORIZED PRACTICE OF LAW*

Before addressing the legal standard here, the Court takes up an initial matter.  A footnote in the title of the complaint disclosed that: "[p]laintiff purchased this form document through www.prosepro.com, a company operating in South Carolina.  Plaintiff consulted no attorney in the drafting or filing of this document.  Rather, Plaintiff purchased a pre-written form then filled in the digital 'blanks' on their own.  *See, e.g.*,

https//www.technethics.com/assets/Medlock-v-LegalZoom.com-Inc.pdf." (Doc. 1, at 1 n.1). At the end of the complaint, the document again addressed the issue, and contained this statement:

> It is my understanding an attorney wrote the template for the company, but I have had no communication with that attorney and that attorney did not modify, review, or participate in the drafting of my filings. Rather, like any template, I completed the blanks in the template with the information about my specific case. No attorney assisted me in the process of filling in the blanks in the template.

(*Id.*, at 23). The Court notes that the pre-written form contains no citations to any Eighth Circuit cases but does cite to several South Carolina and out-of-circuit cases. Likewise, the form lists plaintiff's mailing address as in South Carolina. (*Id.*, at 22, 23). Plaintiff's brief on the merits does not contain any disclosures. Defendant, in addition, points out that "[t]he complaint is substantially identical to approximately 140 complaints recently filed in the District of Nebraska that were also based on the same 'pre-written form'." (Doc. 11, at 3).

Despite the disclosure by plaintiff, the Court shares the concerns of the courts in the Eastern District of Missouri, District of North Dakota, and District of Nebraska, which pointed out that Pro Se Pro was founded by an attorney and that the preparation of legal documents on behalf of others either as a licensed attorney or by non-lawyer staff raises both professional conduct and unauthorized practice of law concerns. *Patel v. U.S. Citizenship & Immigr. Servs.*, No. 1:25-CV-00114-ACL, 2026 WL 146496, at *8 (E.D. Mo. Jan. 20, 2026) ("Plaintiff—and Pro Se Pro—are cautioned, however, that this Court will not accept filings 'ghostwritten' by others. Future filings of [p]laintiff should be written by [p]laintiff, in his own words."); *Bin Nasrullah v. U.S. Citizenship & Immigr. Servs.*, No. 1:25-cv-00183, 2026 WL 915069, at *8 (D.N.D. Apr. 3, 2026) ("[T]he court cautions both Pro Se Pro and [p]laintiff that it will not accept 'ghostwritten'

filings.  Any future filings by [p]laintiff shall be written in his own words."); *Patel v. U.S. Citizenship & Immigr. Servs.*, No. 8:25CV59, 2025 WL 1655294, at *2 n.3 (D. Neb. June 11, 2025) (cautioning both the "lay and lawyer members of Pro Se Pro" against defying the rules of professional conduct and the authorized practice of law).  *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV74, 2025 WL 1267767, at *2 (D. Neb. May 1, 2025) ("What does trouble the Court is that the cases are substantively identical and all plaintiffs list the same mailing address, which suggests to the Court that these cases result from a factory operation for 'ghost-written' pleadings.").  The Court finds here that whoever from Pro Se Pro drafted or approved the form document likely violated Iowa Rule of Professional Responsibility 32:5.5 and 32:5.7, which apply to lawyers practicing in front of this Court through Local Rule 83(f)(1).  Thus, the Court joins with the chorus of others in cautioning against ghostwriting filings.

The Court is likewise concerned by plaintiff's statement that even after filling in the digital blanks in the template himself, plaintiff did not include key facts that occurred six months prior to filing, rather stating that he did not include the issuance of a BFD in the facts because he "utilized a templated pro se filing service, which did not account for intervening agency action."  (Doc. 10, at 2).  Such a statement seems to imply that plaintiff either withheld necessary information or the template did not have space for it, despite occurrences that predated the form by six months not being intervening.  As defendant has not raised the issue of withholding of facts, however, the Court does not address it further, other than to also caution plaintiff as to the filing of incomplete and inaccurate documents generated by a template service in addition to cautioning Pro Se Pro as to the undisclosed and authorized practice of law.

Lastly, a party may proceed pro se or be represented by a licensed attorney admitted to practice before the Court, but a party may not proceed represented by a nonparty layperson.  Although pro se individuals have an absolute right to represent

4

themselves, pro se parties may not represent the interests of other parties. 28 U.S.C. § 1654; *see also Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (explaining "[n]on-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer . . . has no right to represent another entity"); *Cabrera v. State of N. Dakota Workforce Safety & Ins. Fund*, No. 1:18-cv-242, 2020 WL 1068110 (D.N.D. March 5, 2020) (non-attorney wife may not represent her husband's estate in ADA action). The Court notes that frivolous filings could also make those responsible—whether attorneys or non-attorneys—subject to sanctions. *See* Fed. R. Civ. P. 11(c); *see also Caranchini v. Nationstar Mortg.*, LLC, 97 F.4th 1099, 1103 (8th Cir. 2024).

### III.    LEGAL STANDARD

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). Pursuant to Title 8, United States Code, Section 1252(a)(2)(B)(ii),

> no court shall have jurisdiction to review—
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229c, or 1255 of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*See also Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024) (stating that this statute "stripped federal courts of jurisdiction to review" discretionary decisions); *Fofana v. Noem*, 163 F.4th 1135, 1139 (8th Cir. 2026) ("clause (ii) [of Section 1252(a)(2)(B)] insulates the decision from judicial review").

## IV.    ANALYSIS

Plaintiff's clarified claim here requires this Court to determine whether issuing an EAD is discretionary, under Title 8, United States Code, Section 1184(p)(6), and thus barred from judicial review under Title 8, United States Code, Section 1252(a)(2)(B)(ii). In its motion to dismiss, USCIS argued "[t]he decision to grant work authorization for bona fide petitioners awaiting a U visa is discretionary." (Doc. 6 at, 12–17). The Court previously referred to this process as discretionary and went into some detail on that discretionary process, but now addresses this issue head on. *See* (Doc. 8, at 5–6).

Under Title 8, United States Code, Section 1184(p)(6) "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status[.]" *See also Patel v. U.S. Citizenship & Immigr. Servs.*, No. 1:25-CV-00114-ACL, 2026 WL 146496, at *6 (E.D. Mo. Jan. 20, 2026) ("USCIS has discretion to grant work authorization determinations"). USCIS summarizes the application of that section in its policy manual, stating that it "gives the Secretary of Homeland Security, and USCIS as his or her designee, discretionary authority over the issuance of employment authorization to aliens with pending, bona fide U nonimmigrant status petitions." USCIS Policy Manual, Vol. 3, Part C, Ch. 1. Furthermore, "in exercising the discretion granted by the [statute], USCIS grants BFD EADs to principal petitioners and qualifying family members with pending bona fide petitions who it determines merit a favorable exercise of discretion, considering any risk to national security or public safety, as well as other relevant discretionary factors." *Id.*

6

Here, the Court concludes that the decision to issue or not issue an EAD is firmly within the discretion of USCIS, and thus unreviewable by this Court. *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016) ("If the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable."); *Fernandez Gonzalez v. Cuccinelli*, 985 F.3d 357, 367-70 (4th Cir. 2021) ("we lack the power to review [p]laintiffs' work-authorization claims here because the agency is not required to adjudicate [p]laintiffs' requests"). Here, the statute includes the permissive "may," which indicates discretion. *Zadvydas v. Davis*, 533 U.S. 678, 697, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("'may' suggests discretion"); *see also Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) (finding that a in statute that states "the Attorney General, in his 'discretion,' 'may' adjust status and 'may' prescribe regulations, Congress . . . set out the discretionary authority"); *Barrios Garcia, v. U.S. Dep't Homeland Sec'y*, 25 F.4th 430, 444 (6th Cir. 2022) ("the agency can wield its discretion to grant an applicant work authorization."). Likewise, USCIS' policy manual repeatedly refers to the process as discretionary and identifies two of the specific factors USCIS relies on in determining whether to exercise its discretion. Even plaintiff admits that Section 1184(p)(6) declares that "the subsequent EAD decision is discretionary." (Doc. 1, at 6). Plaintiff likewise stated that "[o]nce USCIS issued a [BFD], [he] became eligible for interim employment authorization[.]" (Doc. 10, at 12).

Thus, given that it does not have jurisdiction to consider the claims raised within it, the Court must dismiss plaintiff's complaint without prejudice. *See Thigulla*, 94 F.4th at 777 ("Because Congress has barred judicial review in this case, this court must dismiss for a lack of subject-matter jurisdiction."); *Suvorov v. Gonzales*, 441 F.3d 618, 622 (8th Cir. 2006) (dismissing for lack of jurisdiction over a discretionary matter); *Ignatova v. Gonzales*, 430 F.3d 1209, 1213 (8th Cir. 2005)) (same); *Patel v. U.S. Citizenship & Immigr. Servs.*, No. 8:25CV59, 2025 WL 1655294, at *4 (D. Neb. June 11, 2025)

("Because § 1184(p)(6) gives the Secretary discretion over the EAD program for U-Visa applicants, the Court is barred by § 1252(a)(2)(B)(ii) from reviewing 'decision or action' regarding that program.").

## V. CONCLUSION

For the reasons set out above, the Court **dismisses with prejudice** plaintiff's complaint for lack of jurisdiction. (Doc. 1). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 4th day of May, 2026.

_____

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa